Malcolm A. Sussel and Siri A. Sussel v. Commissioner.
Sussel v. Commissioner
Docket No. 2427-64.
United States Tax Court
T.C. Memo 1966-243; 1966 Tax Ct. Memo LEXIS 42; 25 T.C.M. (CCH) 1241; T.C.M. (RIA) 66243; October 28, 1966
*42 Held: Petitioners are not entitled to a claimed theft loss deduction for lack of proof. Malcolm A. Sussel, pro se, G2, V Corps, APO 79, New York, N. Y. James E. Merritt, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined a deficiency in the income tax of petitioners for the year 1961 in the amount of $199.95. The only issue is whether petitioners are entitled to deduct the amount of $1,000 as a casualty loss resulting from the alleged theft of certain jewelry. Findings of Fact Petitioners are husband and wife who, at the time of trial, resided at Fort Ord, California. They filed their joint Federal income tax return for the calendar year 1961 with the district director of internal revenue in Boston, Massachusetts. Petitioner Malcolm A. Sussel (hereinafter referred to as Malcolm) is a Colonel in the United States Army. Prior to and during the taxable year involved he was stationed at Fort Knox, Kentucky, and Frankfurt, Germany. Siri comes from a family in Germany which originally was quite well-to-do. Her father, Baron *44 von Baumbach, had an estate in the Mecklenburg area, north and east of Berlin, which now lies in the zone of East Germany. He was on the Russian front in World War II and was subsequently captured by the Russians. Toward the end of World War II when the Russians were approaching Berlin, Siri's mother, Baroness von Baumbach, fled the family estate, taking with her what few items of personal property she could carry, including some jewelry. The papers establishing the original value of the jewelry were lost or destroyed during the war. Siri was 17 or 18 years old at this time. In 1956, Baroness von Baumbach gave Siri an emerald bracelet and ring which were family heirlooms. The bracelet consisted of 12 emeralds and between 20 and 30 diamonds set in platinum, and the ring was a large emerald set in platinum surrounded by one or two rows of diamonds. At about the same time, the Baroness gave Siri's sister, Inge Krause, an equivalent amount of jewelry. Siri and Inge considered that the value of the jewelry they received was about 10,000 Deutsche marks, or approximately $3,000. Upon arrival in Germany, for Malcolm's tour of duty there on approximately July 10, 1961, petitioners registered *45 at the Miguel Arms Army Transient Hotel. They stayed one night in the hotel and the next day traveled separately to Berlin where Siri's mother was hospitalized with a terminal illness. While in Berlin, they stayed in the home of Siri's sister. Siri traveled to Berlin on a closed Army train and her baggage was placed in the compartment where she sat. On the way to the train, a taxicab driver stole one of her suitcases, not claimed to have contained her jewelry. While unpacking at her sister's home in Berlin, Siri discovered that the bracelet her mother had given her was missing. She had last seen it in her luggage at the Army billet in Frankfurt. The locks on her luggage had not been broken. Upon his return to Frankfurt, Malcolm looked for the jewelry at the hotel and reported its loss to the military authorities, but the bracelet was never recovered. It was uninsured. Theft of the personal belongings of lodgers at the Army transient billet in Frankfurt was reportedly a common occurrence. The maids and room service personnel at the billet had keys to petitioners' room. The lock on their door had not been broken. On their 1961 Federal income tax return, petitioners deducted as *46 a casualty loss the amount of $1,000 representing the value of the emerald bracelet. On their Statement of Casualty or Theft Loss (Form 1110), filed on November 19, 1963, petitioners stated that the cost of the bracelet was $1,000 but that its fair market value immediately before and after the theft was unknown. Respondent determined in his statutory notices of deficiency dated March 4 and June 22, 1964, that petitioners are not entitled to a casualty loss deduction in the amount of $1,000 for the taxable year 1961. Opinion The only issue is whether petitioners are entitled to a casualty loss deduction in the amount of $1,000 claimed on their 1961 income tax return for the alleged theft of Siri's emerald bracelet. Section 165 of the Internal Revenue Code of 1954[1] allows as a deduction any loss, including a loss by theft, sustained during the taxable year and not compensated for by insurance or otherwise. The basis for determining the amount of the deduction is the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property. Section 1.165-7 of the Income Tax Regulations provides *47 that the amount of the loss to be taken into account for purposes of section 165(a) shall be the lesser of either: (1) the fair market value of the property immediately before the loss reduced by its fair market value immediately after the loss, which in the case of theft is zero; and (2) the adjusted basis of the property. Respondent maintains that *48 petitioners have not proven either that the bracelet was stolen or the amount of the loss. Petitioners contend that Siri's bracelet was stolen from her luggage while it was in their room at the transient billet in Frankfurt and that the amount of the loss is $1,000 as claimed on their return. There is little evidence that Siri's bracelet was stolen. The fact that theft from transient military personnel may have been common at the time does not prove that the particular item in issue was stolen. Nor does the fact that the maids and room service personnel had access to petitioners' room prove that the bracelet was stolen by them. Because Siri last saw her bracelet in the Frankfurt hotel and discovered it missing while unpacking her luggage in Berlin, petitioners seem to assume that it was stolen. The evidence equally supports the proposition that it was lost or misplaced. However, even if we assume that there was a theft, the evidence fails to establish the amount of the loss which petitioners would be entitled to deduct. Since Siri acquired the bracelet by gift, petitioners' basis in the property is the adjusted basis of the donor or last preceding owner who acquired the property *49 other than by gift, or the fair market value of the property at the time of the gift, whichever is lower. Sections 1011 and 1015(a); [2]Income Tax Regs., section 1.1015-1(a)(1). Although petitioners stated on their Statement of Casualty or Theft (Form 1110) that the bracelet had been purchased in 1880 for a purchase price of $1,000, as reported by Baron and Baroness von Baumbach, they offered no evidence to support their claims. In the absence of probative evidence, we are at a loss to determine the adjusted basis in the hands of the donor or last preceding owner. Burnet v. Houston, 283 U.S. 223. To establish the fair market value of the bracelet, Siri stated that it contained 12 emeralds and 30 diamonds set in platinum and that at the time it was given to her she understood that the bracelet and matching ring were worth approximately $3,000. She gave no adequate description of the size or quality of the stones, and though she described the bracelet to a jeweler prior to the trial for the purpose of determining its value, the jeweler did not testify at the trial. There is no evidence upon which this Court can reasonably estimate the fair market *50 value of the property either at the date of the gift or at the time of the loss. Petitioners have proved neither their basis in the bracelet for determining loss nor the amount of the loss, that is, the lesser of their basis in the bracelet or its fair market value at the time of the alleged theft. Income Tax Regs., section 1.165-7. *51 Decision will be entered for the respondent. Footnotes
1. Except as otherwise indicated, all section references hereinafter will refer to the Internal Revenue Code of 1954. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. (b) Amount of Deduction. - For purposes of subsection (a), the basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property. (c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - * * *
(3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. * * *↩
2. SEC. 1011. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis (determined under section 1012 or other applicable sections of this subchapter and subchapters C (relating to corporate distributions and adjustments), K (relating to partners and partnerships), and P (relating to capital gains and losses)), adjusted as provided in section 1016. SEC. 1015. BASIS OF PROPERTY ACQUIRED BY GIFTS AND TRANSFERS IN TRUST. (a) Gifts After December 31, 1920. - If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift, except that if such basis (adjusted for the period before the date of the gift as provided in section 1016) is greater than the fair market value of the property at the time of the gift, then for the purpose of determining loss the basis shall be such fair market value. * * *↩